**FILED**

SEP - 2 2011

*Sep 2 2011*

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL TODD, as assignee of Vicki Fletcher       Plaintiff, | )<br>)<br>)<br>) |
| v. | )<br>) |
| FRANKLIN COLLECTION SERVICE, INC.       Defendant | )<br>)<br>)<br>) |

**1:11-cv-06128**
**Judge Samuel Der-Yeghiayan**
**Magistrate Judge Young B. Kim**

## COMPLAINT

**COMES NOW** the Plaintiff, Michael Todd, as assignee of Vicki Fletcher, *pro se* in the above styled cause, and for Plaintiff's Complaint against the Defendant Plaintiff states as follows:

### Jurisdiction & Venue

1.  These claims are brought under 28 U.S.C. § 1332 as there exists complete diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests. Jurisdiction is also proper as 15 U.S.C. § 1681 *et seq.* and 15 U.S.C. § 1692 *et seq.* presents a federal question and as such, jurisdiction arises under 28 U.S.C. § 1331. This Court may also exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to any federal law claims under 28 U.S.C. §1367.

2.  Venue is proper in the Northern Division of this District pursuant to 28 U.S.C. § 1391(b-c) because a substantial part of the events or omissions giving rise to the claim occurred here and Defendant routinely conducts business in the Northern Division of this District and has an agent located in this district.

3. The Plaintiff, Michael Todd, ("Todd" or "Plaintiff"), is a natural person who resides within the Northern Division of this District.

4. Defendant FRANKLIN COLLECTION SERVICE, INC. ("FRANKLIN" or "Defendant") is a foreign company that routinely engages in business in this judicial district.

## FACTUAL ALLEGATIONS

5. Vicki Fletcher (herein "Fletcher") is a consumer as defined in the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692 *et seq.* and a person a defined in the Fair Credit Reporting Act, ("FCRA") 15 U.S.C. § 1681 *et seq.*.

6. The amount allegedly owed by Stalher to FRANKLIN is a debt under FDCPA as the alleged obligation of Fletcher was to pay money arising out of a transaction in which the money, property, insurance or services which were subject to the transaction were primarily for personal, family, or household purposes.

7. FRANKLIN is a debt collector under FDCPA and a person under FCRA.

8. On information and belief, FRANKLIN was attempting to collect an alleged debt of $414 owed by Fletcher to AT&T in September 2010.

9. On information and belief, FRANKLIN reported the $414 account on Fletcher's TransUnion and Equifax consumer reports in September 2010.

10. On information and belief, AT&T recalled the account from FRANKLIN at some time between September 2010 and February 2011.

11. Although Fletcher's $414 account was recalled from FRANKLIN, no actions were taken by FRANKLIN to request that Fletcher's TransUnion and Equifax consumer reports reflect that the account was closed or recalled.

12.  From the time the account was recalled by AT&T through at least August 3, 2011, Fletcher's $414 account with FRANKLIN was closed as being recalled by AT&T and FRANKLIN took no actions to update TransUnion and/or Equifax.

13.  On information and belief, on or before February 2011, AT&T sold the alleged Fletcher debt to a third party.

14.  After February 2011, Fletcher could not legally owe FRANKLIN or AT&T any money on the alleged $414 account as AT&T sold the account to a third party.

## FACTS - DAMAGES

15.  On August 10, 2011, Fletcher assigned to Todd certain legal claims, including those against FRANKLIN as stated herein. See Todd's Exhibit "A" attached hereto and incorporated herein.

16.  The conduct of the FRANKLIN proximately caused Fletcher past and future monetary loss, past and future damage to Fletcher's credit and credit worthiness, and other actual damages that were assigned to Todd. FRANKLIN is liable to Todd for all applicable damages incurred by Fletcher as a result of its actions and/or inactions.

## FACTS – DEFENDANT'S KNOWLEDGE OF THEIR WRONGFUL CONDUCT

17.  FRANKLIN knew and continues to know that once an account is recalled by a creditor, it must update the account appropriately to the credit bureaus.

18.  FRANKLIN has promised through their subscriber agreements or contracts with each CRA to update accounts to make them accurate which includes accounts that have been recalled by original creditors but FRANKLIN has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements

set forth under the Fair Credit Reporting Act and state law which has resulted in the intended consequences of this false information remaining on Fletcher's credit reports.

19.     In the context of parking an account, FRANKLIN has an obligation and duty under federal and state law to accurately report the balance and FRANKLIN willfully and maliciously refuse to obey federal and state law.

20.     FRANKLIN has agreed to follow and understand they must follow the requirements of the FCRA including:

- 15 U.S.C. § 1681s-2(a)(1)(A) which states:

"A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

- 15 U.S.C. § 1681s-2(a)(2) which states:

" A person who –
(A)     regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and
(B)     has furnished to a consumer reporting agency information that the person determines is not complete or accurate,
shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate."

[Emphasis added].

21.     FRANKLIN has a duty under state law to act reasonably under the circumstances.

FRANKLIN has violated this duty under state law by failing to act reasonably under the circumstances which include, but are not limited[1] to, the following:

- Defendant previously reported a balance owed by Fletcher;

---

[1] Until discovery is completed, Plaintiff cannot know all the circumstances.

- Defendant routinely updates credit reports;

- Defendant knows that a user of a credit report of Fletcher will see a "current balance" of more than zero;

- Defendant knows the account reported to the CRAs does not show that the account was closed or sold by AT&T to a third party;

- Defendant knows that leaving a balance on the account will harm Fletcher, Fletcher's credit worthiness, and/or Fletcher's credit score;

- Defendant knows that failing to note the account is closed is inaccurate and/or will harm Fletcher, Fletcher's credit worthiness, and/or Fletcher's credit score;

- Defendant knows it is an extraordinarily easy matter to update Fletcher's credit report to show a zero balance or a closed account;

- Defendant knows and has agreed it must follow the FCRA which requires inaccurate information to be updated and corrected;

- Defendant has chosen to not update the account;

- Defendant knows its actions will harm Fletcher, Fletcher's credit worthiness, and/or Fletcher's credit score;

22.     FRANKLIN has a policy and procedure to refuse to properly update credit reports of consumers, like Fletcher. The reason is to keep false information on the credit report. The false information consists of a balance shown as owe and intentionally refusing to show a current status of closed or a zero balance.

23.     FRANKLIN updates many accounts each month with allegedly the correct information regarding the balance but has willfully and maliciously refused to do so with Fletcher and with others who are similarly situated.

## FACTS – SUMMARY OF WRONGFUL CONDUCT

24.     It is a practice of the Defendant to maliciously, willfully, recklessly, wantonly, and/or negligently violate, ignore, and refuse to follow the requirements of the federal and state law.

25.     All actions taken by employees, agents, servants, or representatives of any type for Defendant were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

26.     All actions taken by the Defendant were done with malice, were done wantonly, recklessly, intentionally or willfully, and were done with either the desire to harm Fletcher and/or with the knowledge that their actions would very likely harm Fletcher and/or that their actions were taken in violation of the law.

27.     Defendant has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and therefore Defendant is each subject to punitive damages, statutory damages, and all other appropriate measures to punish and deter similar future conduct by Defendant and similar companies.

## FIRST CLAIM FOR RELIEF
### Negligent Conduct

28.     All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

29.     Defendant assumed a duty, through the subscriber agreement and other actions, to accurately report the balances or closed status of an account, like Fletcher's.

30.     Defendant agreed to follow and understand they must follow the requirements of the FCRA including:

- 15 U.S.C. § 1681s-2(a)(1)(A) which states:

"A person shall <u>not furnish</u> any information relating to a consumer to any consumer reporting agency if the person <u>knows or has reasonable cause to believe that the information is inaccurate</u>."

- 15 U.S.C. § 1681s-2(a)(2) which states:

" A person who –
(C)   regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and
(D)   <u>has furnished</u> to a consumer reporting agency information that the person <u>determines is not complete or accurate,</u>
shall <u>promptly notify</u> the consumer reporting agency of that determination and provide to the agency <u>any corrections</u> to that information, or any additional information, that is <u>necessary to make</u> the <u>information</u> provided by the person to the agency <u>complete</u> and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate."

[Emphasis added].

31.   Defendant has a duty under state law to act reasonably under the circumstances.

32.   Defendant violated this duty under state law by failing to act reasonably under the circumstances which include, but are not limited[2] to, the following:

- Defendant previously reported a balance owed by Fletcher;

- Defendant routinely updates credit reports;

- Defendant received notice from BMG to close the account;

- Defendant failed to notify one or more of the CRA's that the account was closed;

- Defendant knows that a user of a credit report of Fletcher will see a "current balance" of more than zero.

- Defendant knows that leaving a balance on the account will harm Fletcher, Fletcher's credit worthiness, and/or Fletcher's credit score;

---

[2] Until discovery is completed, Plaintiff cannot know all the circumstances for the Defendant.

- Defendant knows that failing to note the account is closed or has a zero balance will harm Fletcher, Fletcher's credit worthiness, and/or Fletcher's credit score;

- Defendant knows it is an extraordinarily easy matter to update Fletcher's credit report;

- Defendant knows and has agreed it must follow the FCRA which requires inaccurate information to be updated and corrected;

- Defendant has chosen to not update the account; and

- Defendant knows its actions will harm Fletcher, Fletcher's credit worthiness, and/or Fletcher's credit score;

33. FRANKLIN violated all of the duties the Defendant had and such violations were made negligently as Defendant refused to comply with all of the duties it had from September 2010 through August 8, 2011.

34. It was foreseeable, and the Defendant did in fact foresee it, that refusing to properly update would cause the exact type of harm suffered by the Fletcher.

35. Defendant acted with negligence in their dealings with and about Fletcher as set forth in this Complaint.

36. Fletcher has been damaged as a proximate result of FRANKLIN's wrongful conduct as set forth in this Complaint and assigned all applicable claims and damages to Todd under contract.

WHEREFORE, Todd demands judgment against FRANKLIN for actual and compensatory totaling in excess of $75,000, the costs of the action including expenses, and all other relief deemed just and appropriate.

## SECOND CLAIM FOR RELIEF
### Gross Negligence

37.    All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

38.    Defendant assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and status of Defendant's accounts after individuals, like Fletcher's account has been recalled by a creditor.

39.    Defendant has agreed to follow and understand they must follow the requirements of the FCRA including:

   •    15 U.S.C. § 1681s-2(a)(1)(a) which states:

"A person shall <u>not furnish</u> any information relating to a consumer to any consumer reporting agency if the person <u>knows or has reasonable cause to believe that the information is inaccurate.</u>"

   •    15 U.S.C. § 1681s-2(a)(2) which states:

" A person who –
(E)    regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and
(F)    <u>has furnished</u> to a consumer reporting agency information that the person <u>determines is not complete or accurate,</u>
shall <u>promptly notify</u> the consumer reporting agency of that determination and provide to the agency <u>any corrections</u> to that information, or any additional information, that is <u>necessary to make</u> the <u>information</u> provided by the person to the agency <u>complete</u> and <u>accurate,</u> and shall not thereafter furnish to the agency any of the information that remains not complete or accurate."

[Emphasis added].

40.    Defendant has a duty under state law to act reasonably under the circumstances.

41.    Defendant has violated this duty under state law by failing to act reasonably under the circumstances which include, but are not limited[3] to, the following:

   •    Defendant previously reported a balance owed by Fletcher;

---

[3] Until discovery is completed, Plaintiff cannot know all the circumstances for the Defendant.

- Defendant routinely updates credit reports;

- Defendant received notice from AT&T to close the account;

- Defendant failed to notify one or more of the CRA's that the account was closed;

- Defendant knows that a user of a credit report of Fletcher will see a "current balance" of more than zero.

- Defendant knows that leaving a balance on the account will harm Fletcher, Fletcher's credit worthiness, and/or Fletcher's credit score;

- Defendant knows that failing to note the account is closed or has a zero balance will harm Fletcher, Fletcher's credit worthiness, and/or Fletcher's credit score;

- Defendant knows it is an extraordinarily easy matter to update Fletcher's credit report;

- Defendant knows and has agreed it must follow the FCRA which requires inaccurate information to be updated and corrected;

- Defendant has chosen to not update the account; and

- Defendant knows its actions will harm Fletcher, Fletcher's credit worthiness, and/or Fletcher's credit score;

42. Defendant violated all of the duties the Defendant had and such violations were made intentionally, willfully, maliciously, and with reckless disregard as Defendant refused to comply with all of the duties Defendant had to update the account correctly from September 2010 through August 8, 2011.

43. Defendant has acted in utter and reckless disregard for the rights of Fletcher and has decided to take (or fail to take) action which Defendant knows or is substantially certain will result in harm to Fletcher. The Defendant has acted wrongfully without just cause or

excuse as Defendant has and had an intent to harm the Fletcher and/or acted with an evil intent.

44.   It was foreseeable, and the Defendant did in fact foresee it, that refusing to properly update would cause the exact type of harm suffered by Fletcher.

45.   Defendant acted with malice and/or intentional (willful) conduct in their dealings with and about Fletcher as set forth in this Complaint. This includes the intentional refusal to properly update the account from September 2010 through August 8, 2011.

46.   Fletcher has been damaged as a proximate result of Defendant's wrongful conduct as set forth in this Complaint. Fletcher assigned all applicable claims and damages to Todd under contract.

WHEREFORE, Todd demands judgment against FRANKLIN for actual, compensatory and punitive damages totaling in excess of $75,000, the costs of the action including expenses, and all other relief deemed just and appropriate.

## THIRD CLAIM FOR RELIEF
### Violation of FDCPA

47.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

48.   FRANKLIN has a duty under 15 U.S.C. § 1692e to refrain from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

49.   FRANKLIN failed to communicate to the credit reporting agencies that the Fletcher account was closed. FRANKLIN knew that failing to update the credit reports would cause the account to appear that Fletcher still owed a debt to FRANKLIN and/or AT&T and/or that FRANKLIN was still attempting to collect on the debt.

50.  The information was known or should have been known to be false, deceptive, or misleading.

51.  Fletcher has been damaged as a proximate result of Defendant's wrongful conduct as set forth in this Complaint. Fletcher assigned all applicable claims and damages to Todd under contract.

52.  FRANKLIN is liable for the damages.

WHEREFORE, Todd demands judgment against FRANKLIN for the greater of actual or statutory damages, the costs of the action including expenses, and all other relief deemed just and appropriate.

Respectfully submitted:
Michael Todd, Plaintiff, pro se
9134 Del Prado Dr., 2N
Palos Hills, IL 60465
Ph. 708-377-2959

I, Michael Todd, do hereby state under oath that on I am the actual bonafide owner of all claims and damages set forth in the Complaint and all applicable claims and damages were assigned to me under contract by Vicki Fletcher on August 10, 2011.

_____
Michael Todd

STATE OF ILLINOIS        )
COUNTY OF COOK           )

Acknowledged before me this ___2nd___ day of _____Sept_____, 2011, by Michael Todd, who is personally known to me or who produced his drivers license as identification.

_____
Notary Public

My commission expires on:_____8.11.14_____

OFFICIAL SEAL
MARK A. MONZEL
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Aug. 11, 2014



PLAINTIFF'S
EXHIBIT
A