IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL TODD, as assignee )
of Vicki Fletcher )
)
          Plaintiff, )
)
     v. ) No. 11 C 6128
)
FRANKLIN COLLECTION )
SERVICE, INC., )
)
          Defendant. )

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Franklin Collection Service, Inc.'s (Franklin) motion to dismiss. For the reasons stated below, the court grants the motion.

**BACKGROUND**

Plaintiff Michael Todd (Todd) alleges that he is the assignee of legal claims that originally belonged to Vicki Fletcher (Fletcher). Fletcher allegedly owed a debt to AT&T (AT&T Debt) that Franklin attempted to collect. Franklin allegedly reported the AT&T Debt, which had become an account with Franklin (Franklin

Account), to TransUnion and Equifax (collectively, Credit Reporting Agencies). According to Todd, sometime between September 2010 and February 2011, AT&T allegedly recalled the AT&T Debt from Franklin. Although the AT&T Debt was allegedly recalled from Franklin, and the Franklin Account was closed as a result, Franklin allegedly failed to inform the Credit Reporting Agencies that the Franklin Account was closed or recalled until August 3, 2011, at the earliest.

Todd alleges that Franklin knew that the Franklin Account needed to be updated upon recall of the AT&T Debt from Franklin, but that Franklin "has a policy and procedure to refuse to properly update credit reports of consumers, like Fletcher," so that false information remains on the credit reports of consumers. (Compl. Par. 22). In addition, Todd alleges that Franklin's alleged failure to provide an update to the Credit Reporting Agencies regarding the Franklin Account was willful, malicious, reckless, wanton, and/or negligent. Todd further alleges that Franklin's alleged failure to provide an update to the Credit Reporting Agencies regarding the Franklin Account was in violation of Franklin's agreements with the Credit Reporting Agencies, the Fair Credit Reporting Act, and state law.

As a result of Franklin's alleged failure to inform the Credit Reporting Agencies that the Franklin Account was closed or recalled, Fletcher, her credit worthiness, and/or her credit score were allegedly harmed. Todd includes in his *pro*

*se* complaint a state law negligence claim (Count I), a state law gross negligence claim (Count II), and a claim alleging a violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. (Count III). Franklin has moved to dismiss all claims.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(3) (Rule 12(b)(3)) provides that a party may move to dismiss an action when the action is not filed in the proper venue. Fed. R. Civ. P. 12(b)(3). If the court finds that venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In analyzing whether the "interest of justice" supports transferring a case, the court must focus on the "efficient administration of the court system." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986)(applying the interest of justice analysis to a motion brought under 28 U.S.C. § 1404(a)).

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable

to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## DISCUSSION

Since Todd is proceeding *pro se*, the court has liberally construed Todd's filings. *See, e.g., McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

I. Venue

Franklin argues that the Northern District of Illinois is not a proper venue for the instant action, and moves for dismissal based on Rule 12(b)(3). Pursuant to 28 U.S.C. § 1391(b), "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

4

28 U.S.C. § 1391(b). Where, as here, the defendant is a corporation and the action is brought in a state where there is more than one judicial district, "such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(b). Thus, the relevant inquiry under 28 U.S.C. § 1391(b)(1) is whether this court has personal jurisdiction over Franklin.

Todd bears the burden of demonstrating that the court has personal jurisdiction over Franklin, thus making venue proper. *See, e.g., Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 781-82 (7th Cir. 2003). To satisfy his burden, Todd "need only make out a *prima facie* case of personal jurisdiction." *Id.* at 782 (citations omitted). Further, Todd "is entitled to the resolution in [his] favor of all disputes concerning relevant facts presented in the record." *Id.*

Personal jurisdiction involves consideration of both state and federal law. *Illinois v. Hemi Group, LLC*, 622 F3d 754, 756-57 (7th Cir. 2010). Under both the Illinois Constitution and the Federal Constitution, a defendant is subject to personal jurisdiction "only if the defendant had certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A.*, 623 F.3d 440, 443-44 (7th Cir. 2010)(citations

omitted)(internal quotations omitted). A court has general personal jurisdiction over a defendant if the defendant has "continuous and systematic" contacts with the forum that are "sufficiently extensive and pervasive to approximate physical presence." *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010). Todd has submitted evidence showing that Franklin is a registered debt collector in Illinois and that Franklin maintains a registered agent in Illinois. (Resp. Ex. A). Todd has also submitted evidence that, in the past, Franklin has sent collection letters to more than 4,000 Illinois residents. (Resp. Ex. B). Todd also indicates, and Franklin has not disputed, that Franklin has entered into a contract with and routinely conducts business with TransUnion. Based on the above, Todd has made a *prima facie* showing that the court has general personal jurisdiction over Franklin. Therefore, venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(c).

II. Assignability of Fletcher's Claims

Franklin argues that the assignment of Fletcher's claims to Todd is void because it violates Illinois public policy. Under Illinois law, claims are generally assignable, unless the assignment violates public policy. *Kleinwort Benson North America, Inc. v. Quantum Financial Services, Inc.*, 692 N.E.2d 269, 274 (Ill. 1998). To determine the public policy of Illinois, the court looks to the Illinois Constitution,

6

Illinois statutes, and decisions of Illinois courts. *Id.* at 275 (citations omitted). An agreement violates public policy when "the agreement is so capable of producing harm that its enforcement would be contrary to the public interest." *Id.* (citation omitted). The particular facts and circumstances of a case will govern whether an agreement is contrary to public policy. *Id.*

Franklin argues that through the assignment, Todd is engaging in the unauthorized practice of law, champerty, and/or barratry. Franklin also argues that Fletcher's claims are strictly personal in nature. In addition, Franklin argues that, to the extent Fletcher's claims are not considered personal injuries, any economic damages sought by Todd are barred by the economic loss doctrine.

Todd argues that he is not engaging in the unauthorized practice of law, since he is merely representing himself and his own interests in the instant action. However, "[a]n assignment cannot be used as a subterfuge to enable plaintiff to indulge his overwhelming desire to practice law, without complying with the requirements for admission to the bar." *Biggs v. Schwalge*, 93 N.E.2d 87, 88 (Ill. App. Ct. 1950); *see also Lazy "L' Family Preservation Trust v. First State Bank of Princeton*, 521 N.E.2d 198, 200-01 (Ill. App. Ct. 1988). The assignment agreement between Todd and Fletcher (Agreement) identifies Fletcher as Todd's "client." (Resp. Ex. C). There are no facts to suggest that, prior to Fletcher becoming Todd's

client, Fletcher and Todd have any connection to one another or any relationship with one another. In addition, the Agreement indicates that Todd has given the "client" some type of consideration for the opportunity to litigate her claims. (Resp. Ex. C). Further, Franklin argues that Todd "maintains a website dedicated to Litigation via Assignment." (Rep. 9). According to Franklin, Todd indicates on the website "that he has 'been litigating consumer-related cases in state and federal courts since 2002.'" (Rep. 9). In addition, Franklin indicates that Todd's website states that Todd provides free consultations to people who might have legal claims and does all work "at no out of pocket expense" to his clients. (Rep. 9). Further, the court takes judicial notice of the many other lawsuits Todd has filed in this district as an assignee of legal claims. In this case, as in the others, it appears Todd has become an assignee of legal claims solely for the purpose of litigating the claims. Such facts indicate that, at the very least, Todd has engaged in "subterfuge to enable [Todd] to indulge his overwhelming desire to practice law." *Biggs*, 93 N.E.2d at 88.

Todd also argues that his actions do not amount to champerty or barratry. Although the terms are anachronistic and Todd's actions do not satisfy the technical definitions of the terms, Todd's actions are close enough to champerty and barratry to bolster Franklin's argument that the assignment of Fletcher's claims in this case violates Illinois public policy.

8

The court is mindful that litigation often has the effect of protecting the public and promoting justice. However, the court finds that, under the facts specific to this case, the assignment of Fletcher's claims to Todd is void as a matter of Illinois public policy. It appears from the facts in this case that, by providing consultation to those who believe they may have a legal claim and by litigating the assigned claims of his "clients," Todd may be engaged in the unauthorized practice of law or, at least, engaging in subterfuge to facilitate the prosecution of others' claims. Further, it appears from the facts in this case that Todd's conduct approximates champerty and barratry. Since the court has already found the assignment of Fletcher's claims to Todd void as a matter of Illinois public policy, the court need not address whether Fletcher's claims are purely personal in nature, or whether the claims are barred by the economic loss doctrine.

III. Sufficiency of the Complaint

Franklin argues that, even if Fletcher's claims are assignable, the complaint fails to state a claim upon which relief can be granted. The court has already held that the assignment of Fletcher's claims to Todd is void, and the court need not address the sufficiency of the complaint argument. However, the court finds that the common law claims asserted in the complaint are preempted by the Fair Credit

9

Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq*., since the claims implicate Section 1681s-2(a) of the FCRA. *See Purcell v. Bank of America*, 2011 WL 4634216, at *3 (holding that the FCRA preempts certain state law claims, including "those that come within the scope of [Section] 1681s-2"). The court also finds that Section 1681s-2(a) of the FCRA does not create a private right of action. *See, e.g., Id.* at *2; *Perry v. First National Bank*, 459 F3d 816 (7th Cir. 2006); 18 U.S.C. § 1681s-2(c)(1). Finally, the court finds that although Todd alleges that Franklin violated the FDCPA, Todd has not alleged any facts to suggest that Franklin continued to try to collect the AT&T Debt after the Franklin Account was recalled. Therefore, Todd has not alleged any facts to plausibly suggest that Franklin violated Section 1692e of the FDCPA by using "false, deceptive or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Nor has Todd alleged facts indicating that Franklin violated any other section of the FDCPA. Thus, in addition to finding that the assignment of Fletcher's claims to Todd is void, the court also would dismiss the complaint for failure to state a claim.

## CONCLUSION

Based on the foregoing analysis, the court grants Franklin's motion to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: December 9, 2011